## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| JAMELIA JONES, | ) |
| | ) Case No. 16-3168 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| RECEIVABLES PERFORMANCE | ) |
| MANAGEMENT, LLC, | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

Now comes the Plaintiff, JAMELIA JONES, by and through her attorneys, and for her Complaint against the Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Springfield, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Washington, which is licensed to business in Illinois, and which has its principal place of business in Lynnwood, Washington.

**FACTS COMMON TO ALL COUNTS**

9. Prior to August of 2015, Plaintiff was contacted by a debt collector, Southwest Credit Systems, L.P. ("Southwest"), regarding collection of a debt which Plaintiff allegedly owed to AT&T Mobility ("AT&T").

10. During or about August of 2015, Plaintiff reached a settlement with Southwest that settled in full the debt which Plaintiff allegedly owed to AT&T.

11. During or about September of 2015, Plaintiff received a letter from Defendant, attempting to collect from Plaintiff the same debt which she allegedly owed to AT&T, and which had been previously settled in full with Southwest.

12.     Despite having been notified by Plaintiff that she disputed owing said alleged debt, and that the alleged debt had been previously settled in full, Defendant continued in its attempts to collect the alleged debt from Plaintiff.

13.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, frustration, emotional distress and mental anguish.

### COUNT I

15.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 14 above as if reiterated herein.

16.     Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

### COUNT II

17.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 14 above as if reiterated herein.

18.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

### COUNT III

19.     Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 14 above as if reiterated herein.

20.     Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

**COUNT IV**

21. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 14 above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

**COUNT V**

23. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 14 above as if reiterated herein.

24. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

JAMELIA JONES

By:  /s/ David B. Levin
     Attorney for Plaintiff


David B. Levin
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street
Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com